JOSEPH BAKER *v.* THE STATE OF OHIO.

When a person finds goods that have actually been lost, and takes possession with intent to appropriate them to his own use, really believing at the time, or having good ground to believe, that the owner can be found, it is larceny.

ERROR to the Probate Court of Van Wert county.

On information in the Probate Court of Van Wert county (a court having jurisdiction of misdemeanors), the defendant was convicted of the offense of petit larceny. At the trial a bill of exceptions was taken, setting out all the testimony, and this writ is prosecuted to reverse the judgment below, on the ground that the conviction was contrary to the law and the evidence.

*Alexander & Saltzgaber,* for plaintiff in error, contended that the plaintiff was not guilty of larceny, and cited Wharton's Criminal Law, 650, 651; 1 Bishop on Criminal Law, sec. 419; 2 Archbold's Cr. Pr. & Pl. 404, 452; *Wilson*

v. *People,* 39 N. Y. 459; 2 Russ. on Crimes, 6 Am. ed. 6; 2 Bennet & Heard L. Cr. Cas. 18; *People* v. *Anderson,*.14 Johns. (N. Y.) 294; *People* v. *Cogdell,* 1 Hill, 94; *People* v. *McGarren,* 17 Wend. 460.

McILVAINE, J. The testimony offered on the trial below shows that on the evening of April 28, 1872, the defendant below found on a county public road, at Van Wert county, a pocket-book containing one ten dollar bill, at a point in the road near which he had been engaged at work during the day, and that the goods found had been lost by the owner, Hinton Alden, at that point a few hours before. That Alden, at the time he lost the pocket-book, had been detained at that point for a short time and within plain sight of the defendant. On the next morning, Alden, who lived in the immediate neighborhood, informed the defendant of his loss, but defendant concealed the fact of finding, and afterward expended the money in the purchase of clothing. A few days after, the defendant admitted to a witness in the case that he had found the pocket-book, and that he knew the owner; and on inquiry why he had not returned the goods to the owner, replied that, "Finders are keepers." It was also shown by an admission of defendant, that the appearance of the pocket-book at the time he found it, indicated that it had been very recently lost.

The law of this case is well stated by Baron Parke, in *Regina* v. *Thurborn,* 1 Dennison C. C. 387; also reported under the name of *Regina* v. *Wood,* 3 Cox C. C. 453, thus: "If a man find goods that have actually been lost, or are reasonably supposed by him to have been lost, and appropriates them with intent to take the entire dominion over them, really believing when he takes them that the owner can not be found, it is not larceny. But if he takes them with like intent, though lost or reasonably supposed to be lost, but reasonably believing that the owner can be found, it is larceny."

The fact, in this case, that the defendant expended the

money after he had certain knowledge of the owner, did not render him guilty of larceny, if the offense was not complete before. The loss and finding of the goods were not disputed in the court below, but the following questions were made : 1. When the defendant first took the goods upon the finding, did he intend to appropriate them to his own use? This question was fairly found against him, from the fact of concealing the finding when informed by the owner of his loss, and from his subsequent declaration that, "Finders are owners." 2. Did he have reasonable grounds to believe, at the time of finding the goods, that the owner could be found? It was sufficiently proved that the defendant knew that the goods had been recently lost before the finding, and that Alden had recently been at the point where he found them. These facts constituted reasonable ground for believing that Alden was the owner.

*Judgment affirmed.*