By the Court.
 

 This is an action in mandamus commenced in the Court of Appeals. The relator was a member of the fire department of Zanesville, and had been for several years. The chief of the fire department discharged him from the service, and notified the director of public safety that he had dismissed the relator on account of drunken
 
 *140
 
 ness. The safety director fixed a time for the hearing of the charges against the relator, and notified the relator to be present and furnish such explanation or refutation as he thought proper. A hearing was had before the safety director, and upon evidence submitted the safety director sustained the charge and the order of dismissal. This resulted in an appeal to the Civil Service Commission, and, after hearing all the evidence, the Civil Service Commission sustained the dismissal of the relator, and thereupon this action in mandamus was commenced by the relator, seeking a writ commanding the municipal officials mentioned to restore the relator to his former position, and an order that the mandamus, at the costs of the relator, who now prosecutes error in this court.
 

 ' The chief of the fire department and the safety director filed separate answers, setting up the reasons here stated as justifying the dismissal of the relator. To these answers the relator filed demurrers. The demurrers were overruled by 'the Court
 
 of
 
 Appeals, and, the relator
 
 not
 
 desiring to plead further, the Court of Appeals denied the writ of mandamus, at the costs of the relator, who now prosecutes error in this court.
 

 No question was raised by the relator as to the regularity of any of the proceedings taken by the municipal officials in connection with his discharge. There is nothing in the record to indicate in any manner that the municipal officials were acting in bad faith, or with any motive other than a desire to promote the welfare of the public, in taking the course they had pursued with respect to the discharge of the relator. The relator’s position is that
 
 *141
 
 drunkenness is not one of the grounds named in the charter upon which he could rightfully be discharged. It is conceded that habitual drunkenness is such a ground. It is also conceded that the discharge might have been made “for any other just and reasonable cause;” but the relator denies that drunkenness which was so infrequent as to fall short of being “habitual drunkenness” could be embraced and included in the terms “for any other just and reasonable cause.” This is substantially the whole defense relied upon by the relator. The charge specifically covered apparently only a single act of drunkenness, and it was not shown that this took place when the relator was upon active duty at the time. However, all of the members of the fire department were subject to be called into active service at any time.
 

 This court is not able to appreciate any real merit in the defense offered by the relator. The municipal officials were clearly acting within the scope of their authority, and the Court of Appeals was quite correct in denying the writ of mandamus sought.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.
 

 Marshall, C. J., not participating.