WATSON, APPELLANT, *v.* SCHWENKER, STATE PERSONNEL BOARD OF REVIEW, APPELLEE.

(No. 82AP-555—Decided November 18, 1982.)

*Mr. Fred Thomas,* for appellant.
*Mr. William J. Brown,* attorney general, *Mr. Loren L. Braverman* and *Mr. Charles V. Schwenker, pro se,* for appellee.

McCORMAC, J. J. L. Watson, an employee of the Bureau of Workers' Compensation, was removed by the appointing authority for neglect of duty, dishonesty and failure of good behavior. He appealed his removal to the State Personnel Board of Review where stipulations were presented and evidence was taken. There was little dispute of testimony. The evidence was that Watson found two blank money orders in a public restroom at his place of work on December 31, 1981, and that he cashed those money orders at the Huntington National Bank, the issuer thereof, shortly thereafter. In cashing the money orders, Watson signed them as both payee and as the original purchaser. The bank teller, who cashed the money orders, stated that Watson told her he could not use them; at least impliedly he represented himself as the original purchaser. The money orders

were purchased by Linda Dolby, an employee of the Industrial Commission who worked in the same building where appellant worked, and were stolen from her earlier the same day. Watson was not authorized by Dolby to cash them, but there was no evidence that he stole the money orders. Watson testified that he made no effort to find out who was the rightful owner of the money orders and admitted that he cashed them at his first opportunity. He left his correct name and address and used his employee card for identification. After Watson was located on January 7, 1982 by an internal affairs investigator, he made restitution of the $121.80 obtained from the money orders to Dolby.

The hearing officer recommended that the order removing appellant from his position be disaffirmed stating that, while his conduct may not have been that of a saint, it was not job-related and did not constitute cause for discipline pursuant to R.C. 124.34. The State Personnel Board of Review rejected the recommendation of the hearing officer and affirmed the order of removal on the basis that Watson's conduct reflected badly upon his employer and should not be tolerated.

Watson appealed to the Court of Common Pleas of Franklin County which affirmed the State Personnel Board of Review. From that judgment he has appealed to this court, setting forth the following assignment of error:

"1. The property that is the subject of this cause was admittedly lost property and concomittedly [sic], found property. Therefore, the entire conclusion reached by the Commission is not a conclusion that can follow from these facts.

"2. The objection of the Assistant Attorney General introduced absolute new material not spread upon the record and therefore not subject to examination by appellant."

The judgment of the court of common pleas is affirmed.

R.C. 124.34 provides that a civil service employee may be removed for dishonesty, in addition to other reasons. The dishonesty for which removal may be justified need not be job-related, contrary to the apparent conclusion of the hearing officer. While the property may arguably have been lost, although that is doubtful since the money orders were allegedly found in the men's room and the owner of the property was female, the money orders could not be converted to cash, as was immediately done by Watson, without an express or implied misrepresentation by him. The money orders, which are exhibits, show that Watson represented himself to be the purchaser of the money orders in order to cash them.

Even assuming as concerns Watson that he was a finder of lost property, he arguably had reasonable grounds to believe that the owner could be found, and thus was not entitled to appropriate the property for his own use as against the owner, although his rights may have been superior to all other persons but the true owner. See *Baker* v. *State* (1876), 29 Ohio St. 184. In light of the haste of Watson to cash the blank money orders and his total lack of effort to ascertain the true owner, coupled with his misrepresentation of his possession of the money orders, the trier of the facts, the State Personnel Board of Review, was entitled to conclude that there was dishonesty on his part, which justified his removal as a civil service employee. The dishonesty need not be job-related or the basis for criminal punishment.

There is no indication in the record that the State Personnel Board of Review relied upon any evidence other than that properly stipulated or introduced into evidence.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and REILLY, J., concur.