CRIST, Appellee,

v.

**BATTLE RUN FIRE DISTRICT BOARD OF TRUSTEES, Appellant.**

[Cite as *Crist v. Battle Run Fire Dist. Bd. of Trustees* (1995), 105 Ohio App.3d 111.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–95–4.

Decided June 30, 1995.

**112**

*Brent W. Yager,* for appellee.

*Daniel E. Shifflet* and *Kevin P. Collins,* for appellant.

HADLEY, Judge.

This is an appeal from the December 20, 1994 order of the Common Pleas Court of Marion County reversing and vacating the decision of the Board of Trustees of the Battle Run Fire Department entered on September 28, 1993, discharging and dismissing appellee William Crist as fire chief.

The Battle Run Fire District is an R.C. 505.371 joint fire district composed of the village of Prospect and Prospect Township. Pursuant to statute, the governing body is a board of trustees consisting of one representative from the legislative authority of the municipality and one from the legislative authority of the township. R.C. 505.38 provides that the board shall appoint the fire chief, who continues in office until removed therefrom as provided in R.C. 733.35 to 733.39. To initiate removal proceedings, the board is to designate a private citizen to investigate and prepare any necessary charges. If he is removed, the chief may appeal within ten days to the common pleas court to determine the sufficiency of the cause for removal.

On September 14, 1993, the board, consisting of Kenneth Blue and Ilah Meddles, held a regularly scheduled meeting. Appellee, who had a brace on his leg, was on medical leave at the time but attended the meeting as he normally did as fire chief. Donald Fown was also present as acting chief. Fown announced his resignation as acting chief. Appellee apparently commented regarding that resignation and other unrest within the association. Kenneth Blue called appellee a "lying son-of-a-bitch." Appellee then came up to the desk and took a swing at Blue but did not hit him. Someone pulled appellee back and Blue apologized. The meeting soon adjourned.

A special meeting of the board was held on September 27, 1993, to formally accept the resignation of Fown as acting chief and to appoint Dwight Wells to serve as acting chief for the balance of the period that appellee remained on medical leave. The following meeting was set for October 2 and it was noted that Meddles would be on vacation from October 6 to October 30.

Sometime in November 1993, Kenneth Blue of the board appointed Harry Burdick to investigate the incident of September 14, 1993. Burdick spoke to the counsel for the board some seven to ten days later. Burdick was an EMT with the Battle Run Fire Department. Burdick interviewed five of the sixteen individuals who were present at the September 14, 1993 meeting. By letter dated December 14, 1993, and signed by both members, the board notified appellee that a special meeting was scheduled for December 28, 1993 to hear charges concerning his actions at the September 14 meeting with possible dismissal results.

On December 15, 1993, the attorney for the board again informed appellee by letter that he had been charged with attempting to assault board member Kenneth Blue and that the hearing on the matter was scheduled for December 28, 1993.

Kenneth Blue realized that he would have a conflict of interest by sitting on the board on this matter, as he was also the alleged victim. Wayne Emery, a

member of the Prospect Township Trustees, was appointed on the evening of December 27, 1993 to replace Blue on the board.

At the hearing on the next day, appellee, through counsel, made a "general objection" to the proceedings, stating that he did not know if the board had the power to have such a hearing, and also objected to the manner in which it was being held, saying, "[I]t's almost like a criminal proceeding." Counsel further stated that he did not know if the incident of September 14 had anything to do with appellee's performing his duties.

Having heard the testimony, the board found that appellee did attempt to assault and batter Blue during the board meeting on September 14, 1993. The board then deliberated again and determined that appellee should be dismissed as fire chief.

On appeal to the Common Pleas Court of Marion County, the court found that the appointment of the investigator and the serving of charges upon appellee by Kenneth Blue was a violation of due process and was inherently prejudicial to appellee even though Blue did not participate in the ultimate decision. The court also found that the failure of the board to follow the mandates of R.C. 733.33 and 733.56 substantially prejudiced appellee and that there was insufficient cause for removal of appellee as he was not acting in the performance of official duties on September 14, 1993 and his actions could therefore not meet the statutory criteria for removal. The trial court thus reversed and vacated the decision of the board to dismiss appellee and this appeal followed.

For its first assignment of error appellant states:

"The Court of Common Pleas erred to the prejudice of Appellant herein by failing to employ the proper standard of review in an administrative appeal."

For convenience, we will consider this assignment with the fourth assignment of error:

"The Court of Common Pleas erred to the prejudice of Appellant herein by finding the assault by Chief Crist against a member of the Board at a Board meeting was insufficient cause for removal as fire chief."

R.C. 505.38(A) provides that a removal proceeding shall be conducted in accordance with the provisions of R.C. 733.35 to 733.39 and an appeal of the removal of the fire chief may be had to the common pleas court for a determination as to the sufficiency of the cause of removal.

R.C. 2506.04 provides that in reviewing an appeal of an order of an administrative agency, a common pleas court determines if the order is supported by substantial, reliable and probative evidence.

An appellate court is limited to a determination of whether the trial court abused its discretion in making its determination pursuant to R.C. 2506.04. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

The trial court herein considered the evidence and found that there was insufficient cause for removal, as appellee was on medical leave and thus was not acting in the performance of his official duty, a condition set forth in R.C. 733.35 for removal. Such a finding is not unreasonable, arbitrary or unconscionable. The first and fourth assignments of error are overruled.

For the rest of its assignments of error, the board states:

"The Court of Common Pleas erred to the prejudice of Appellant herein by finding the appointment of the investigator and the serving of charges on Chief Crist by the Board member assaulted was a fundamental violation of due process and inherently prejudicial even though said Board member did not participate in the ultimate decision to terminate him as fire chief.

"The Court of Common Pleas erred to the prejudice of Appellant herein by finding the failure of the Board to follow mandates of R.C. 733.35 and 733.36 has substantially prejudiced Chief Crist."

Kenneth Blue testified that before the board met to hear the charges against appellee, Blue was advised that he should remove himself from the board to avoid a potential conflict by sitting in judgment regarding the incident in which he was the alleged victim and that he was replaced the night before the December 28 hearing.

Upon the cross-examination of the investigator Burdick, he testified that he was first contacted by Kenneth Blue as chairman of the board approximately sixty days after the alleged incident. The trial court found that "the appointment of the investigator by Kenneth Blue, the person allegedly assaulted, and the serving of the charges by Blue on appellant was a fundamental violation of due process and inherently prejudicial even though Blue did not participate in the ultimate decision to terminate appellant as fire chief."

The trial court also found that the charges did not specifically set forth "any of the criteria required by R.C. 733.35." The court also found that compliance with the statute, which requires immediate filing of charges and service on the officer charged with hearing to follow at the next regular meeting unless extended only upon application by the accused, was not met when the investigator was not even

appointed for approximately sixty days after the September 14 incident and the hearing was not until December 28.

We do not find from the record that the trial court's findings were unreasonable, arbitrary or unconscionable. Blue should have anticipated his conflict long before the December 27 replacement. Further, the proceedings should not have been prolonged without an application by the accused, and the statutory mandates were not followed resulting in a failure of due process of law and prejudice to appellee. The second and third assignments of error are thus overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.