OPINION
Appellant, Carl E. Mullen, was employed as a Transportation Technical Supervisor for the Ohio Department of Transportation. On September 4, 1994, the Morgan County Grand Jury indicted appellant, together with his wife, Darlene Mullen, on one count of cultivation in violation of R.C. 2925.45 and one count of possession of marijuana in violation of R.C. 2925.03(A)(5). Appellant and his wife pled no contest on December 12, 1994 and were sentenced on January 31, 1995 to probation.
On April 10, 1995, appellee, John Ray, Director of the Ohio Department of Transportation, issued an order of removal to appellant. The basis of the removal was an alleged violation of R.C. 124.34, "Failure of Good Behavior." Appellant appealed the order to the State Personnel Board of Review.
On November 27, 1995, a hearing before Administrative Law Judge Christopher R. Young was held. By report and recommendation dated February 28, 1996, Judge Young affirmed the order. The Board of Review affirmed the recommendation on March 20, 1996.
On April 10, 1996, appellant filed a notice of appeal to the Court of Common Pleas of Morgan County, Ohio. By journal entry filed September 16, 1997, the trial court affirmed the Board of Review's decision.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE COMMON PLEAS JUDGE'S DECISION UPHOLDING THE STATE PERSONNEL BOARD OF REVIEW'S DECISION WAS CONTRARY TO LAW.
 I
Appellant claims the trial court erred in finding the Board of Review's decision was supported by reliable, probative and substantial evidence and was in accordance with the law. We agree.
In reviewing an order from the State Personnel Board of Review, a trial court may affirm the order if it is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. In Our Place, Inc. v. Ohio LiquorControl Comm. (1992), 63 Ohio St.3d 570, 571, Justice Wright defined these terms as follows:
 (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value. (Footnotes omitted.)
Our review is more limited. We do not examine the evidence. As stated by Justice Sweeney, Sr. in Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621:
 The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board, or a trial court. Instead, the appellate court must affirm the trial court's judgment. Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264, 266. See, also, Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.
(1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241.
The single issue posed sub judice is whether convictions for violating R.C. 2925.45, a fourth degree felony, and R.C.2925.03(A)(5), a third degree felony, without other evidence, are sufficient to find a violation of "good behavior" as set forth in R.C. 124.34.
R.C. 124.34 states in pertinent part:
 The tenure of every officer or employee in the classified service of the state * * * shall be during good behavior and efficient service and no such officer or employee shall be * * * removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment to the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or non-feasance in office.
The Ohio Administrative Code speaks to a conviction of a crime as evidence of a lack of "good behavior," but does not consider it as "conclusive evidence that disciplinary action based upon the conviction is appropriate":
 Conviction of any crime in a court of competent jurisdiction is conclusive evidence of the existence of all of the elements of that crime. Conviction of any crime is not conclusive evidence that disciplinary action based upon the conviction is appropriate. The appointing authority shall prove the existence of one or more of the grounds set forth in section 124.34 of the Revised Code as the basis for disciplinary action.
Ohio Adm. Code 124-9-08(A).
Subsection (C) states "[e]vidence of conviction of a crime is inadmissible unless a connection is established between the crime and the particulars alleged in the disciplinary order."
In his February 28, 1996 report, Judge Young concluded as follows:
 In summary, the Appellee, Ohio Department of Transportation, whatever sympathy it may have had for the Appellant, must first consider the interests of the citizenry of the State of Ohio and its mission. As was pointed out in the Ford v. City of Cincinnati (1939), 15 O.O. 127] decision, the disciplinary statute would be a weak foundation stone if, indeed, a public servant could be as immoral as he pleased as long as it was off duty. The State cannot permit a less than reliable person, having been convicted of cultivation of marijuana and possession of marijuana over three times the bulk amount, both felonies of the third and fourth degrees, respectively, to supervise individuals who would be traveling on our State's highways and streets, as well as his traveling on our State's highways and streets, in the performance of his job. Nor should the Appellee be asked to continue to employ someone who might conceivably affect its liability in a law suit or its ability to obtain insurance for its drivers. Further, to place this Appellant back to work in a protected civil servant's position could undermine the public's trust and confidence in the Department, or in the very least erode the integrity of the Department.
At the hearing, appellee presented certified copies of appellant's felony convictions, the administrative removal order based upon the convictions, and the notice of the pre-disciplinary hearing. Appellee then rested its case. T. at 6-7. Further testimony established the disciplinary action was predicated solely on the felony convictions. T. at 32. Appellee also stipulated from the time of indictment to removal there was no change in appellant's job duties, no administrative leave, job restriction or extra supervision was given and appellant performed his duties without any complaints. T. at 46, 48; Joint Exhibit 1. Appellant testified his drug involvement had no impact on his job performance as his convictions were based on his cultivation of marijuana for his wife's use. T. at 75, 77.
Clearly the conclusions reached by Judge Young are not supported by the record. In particular, there was no evidence appellant consumed drugs. To the contrary, the evidence established the marijuana was raised for Mrs. Mullen's use. There was no evidence appellant's supervisory skills were impaired by drug use or of any potential liability or loss of insurance while in the work force.
Appellee argues other Courts of Appeals have disregarded proof of a nexus (relationship between criminal conviction and employment) and have relied solely on the criminal conviction. We find the opinions cited by appellee to be distinguishable from the issue sub judice. In both State ex rel. Ashbaugh v. Bahr (1941),68 Ohio App. 308, and Watson v. Schwenker (1982), 8 Ohio App.3d 294, the removals were for dishonesty i.e., theft of a fur coat and cashing money orders. The appellate courts reasoned dishonesty is so closely aligned with job performance that the dishonest act need not be during office hours to justify removal. In the casesub judice, there is no evidence of any nexus between job performance and the criminal acts. The Board of Review leaps into the dark by conjuring up scenarios not in evidence.
Based upon the lack of evidence presented to support the Board of Review's decision, we find the trial court erred in affirming the decision. The trial court should have found the decision to be unsupported by substantial evidence.
The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby reversed.
By Farmer, P.J., Gwin, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio is reversed.