McGUIRE, Appellant,

v.

ELYRIA UNITED METHODIST VILLAGE, Appellee.

[Cite as *McGuire v. Elyria United Methodist Village,*
152 Ohio App.3d 186, 2003-Ohio-1296.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 02CA008094.

Decided March 19, 2003.

Barbara A. Belovich and F. Benjamin Riek III, for appellant.

John S. Kluznik, Daniel A. Richards and Mark S. Bennett, for appellee.

BAIRD, Presiding Judge.

{¶ 1} Appellant, Barbara McGuire ("appellant"), appeals from a grant of summary judgment in favor of appellee, Elyria United Methodist Village ("EUMV"), from the Lorain County Court of Common Pleas. We affirm.

I

{¶ 2} Appellant worked for EUMV as a registered nurse. After expressing concerns about staffing levels, appellant was subjected to various disciplinary actions and eventually terminated from her position. Appellant filed suit alleging violations of Ohio's whistleblower statute, violations of the public policy codified in Ohio's whistleblower statute, and breach of contract. The case went to trial and at the close of appellant's case, the trial court granted EUMV's motion for directed verdict on the breach of contract claim. The jury found for appellant on the remaining claims.

{¶ 3} EUMV appealed and this court reversed and remanded for a new trial, holding that certain evidence was wrongfully excluded. See *McGuire v. Elyria United Methodist Village* (May 30, 2001), 9th Dist. No. 00CA007705 2001 WL 577663. Upon remand, EUMV sought and was granted summary judgment.

{¶ 4} Appellant timely appealed, raising five assignments of error. We rearrange and combine assignments of error for ease of discussion.

## II

### Assignment of Error No. 1

{¶ 5} "The trial court erred in dismissing McGuire's whistle-blower claim."

### Assignment of Error No. 4

{¶ 6} "The trial court ignored this court's order to remand the case for trial and improperly made credibility findings and weighed the summary judgment evidence in granting defendant's dispositive motion."

{¶ 7} In her first assignment of error, appellant challenges the grant of summary judgment to EUMV, claiming that the trial court misinterpreted the whistleblower statute when it held that she must have a belief that a criminal offense has occurred. Further, appellant claims that the trial court's finding that she did not advise her supervisor both orally and in writing of her concerns is "simply erroneous." Appellant finds further error in the trial court's requirement that she provide evidence that EUMV failed to respond promptly and reasonably to staff concerns. In her fourth assignment of error, appellant argues that summary judgment was improper in that the trial court improperly construed the evidence.

{¶ 8} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:

{¶ 10} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The nonmoving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.

{¶ 12}   Where the nonmoving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the nonmoving party cannot possibly prevail on an essential element of the claim.   See, e.g., *Stivison v. Goodyear Tire & Rubber Co.* (1997), 80 Ohio St.3d 498, 499, 687 N.E.2d 458.   The moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case."   *Dresher,* 75 Ohio St.3d at 292, 662 N.E.2d 264.   The burden then shifts to the nonmoving party to show that there is a genuine issue of material fact as to that element. Id. at 293, 662 N.E.2d 264.   "Mere reliance upon the pleadings is insufficient." *Carr v. Nemer* (Dec. 16, 1992), 9th Dist. No. 15575, 1992 WL 380598.

{¶ 13}   Statutory interpretation involves a question of law; therefore, we do not give deference to the trial court's determination.   Id. "The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if unambiguous, to then apply the clear meaning of the words used."   *Roxane Laboratories, Inc. v. Tracy* (1996), 75 Ohio St.3d 125, 127, 661 N.E.2d 1011.   R.C. 1.42 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."

{¶ 14}   A court may interpret a statute only where the statute is ambiguous. *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.* (1987), 32 Ohio St.3d 24, 27, 512 N.E.2d 332.   A statute is ambiguous if its language is susceptible of more than one reasonable interpretation.   *State ex rel. Toledo Edison Co. v. Clyde* (1996), 76 Ohio St.3d 508, 513, 668 N.E.2d 498.

{¶ 15}   The version of R.C. 4113.52 in effect at the time of appellant's dismissal states:

{¶ 16}   "(A)(1)(a) If an employee becomes aware in the course of the employee's employment of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that the employee's employer has authority to correct and if the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or is a felony, the employee orally shall notify the employee's supervisor or other responsible officer of the employee's employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation." ·

{¶ 17}   The trial court held that the statute requires a reasonable belief that a violation has occurred and that the violation is a criminal offense.   Appellant claims that the statute requires that an employee hold a reasonable belief that a violation of some statute, ordinance, or regulation has occurred and that the

violation is (1) a criminal offense that is likely to cause an imminent risk of physical harm to persons or (2) a hazard to public health or safety or (3) a felony. Appellant asserts that her concerns regarded understaffing practices pertain to violations of state statutes, and the practices are a hazard to public health or safety. Therefore, appellant claims that her subsequent actions are protected by R.C. 4113.52.

{¶ 18} This court agrees with the trial court that appellant misconstrues the language of the statute. "Either" is defined as "being the one or the other of two." Webster's New Collegiate Dictionary (1980) 361. Additionally, "either" is an indication "that what immediately follows is the first of two or more alternatives." Id. When giving the word "either" its plain meaning, the statute states that the violation (1) "either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety" (2) "or is a felony." The language "or a hazard to public health or safety" modifies "criminal offense" and is not an element that stands alone. Therefore the statute requires a reasonable belief that a violation has occurred and the violation is a criminal offense. Appellant did not demonstrate that she had a reasonable belief in a criminal offense, and therefore EUMV is entitled to judgment as a matter of law on appellant's claims filed pursuant to R.C. 4113.52.

{¶ 19} Our disposition regarding the statutory construction of R.C. 4113.52 renders appellant's other arguments under the first assignment of error moot, and we decline to address them. See App.R. 12(A)(1)(c). Appellant's first and fourth assignments of error are overruled.

### Assignment of Error No. 3

{¶ 20} "The trial court erred in dismissing appellant's whistle-blower claims based upon other sources of public policy besides R.C. 4113.52."

### Assignment of Error No. 2

{¶ 21} "The trial court erred in dismissing McGuire's claims of wrongful discharge in violation of public policy when ample summary judgment evidence establishes material issues of fact."

### Assignment of Error No. 5

{¶ 22} "The trial court violated Civ.R. 56(D) in denying McGuire a trial on her public policy claim after granting partial summary judgment on her claims under R.C. 4113.52."

{¶ 23} In the second and third assignments of error, appellant states that other statutes and common law apply to her case and therefore summary judgment based solely upon the R.C. 4113.52 claim is erroneous. Further,

appellant claims in the fifth assignment of error that she is entitled to a trial on the public policy claims regardless of findings pertaining to R.C. 4113.52.

{¶ 24}  Public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason that is prohibited by a statute.  *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 234, 551 N.E.2d 981.

{¶ 25}  "To state a claim of wrongful discharge in violation of public policy, a plaintiff must allege facts demonstrating that the employer's act of discharging him contravened a 'clear public policy.'"  *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, paragraph two of the syllabus.  " 'Clear public policy' sufficient to justify an exception to the employment-at-will doctrine is not limited to public policy expressed by the General Assembly in the form of statutory enactments, but may also be discerned as a matter of law based on other sources, such as the Constitutions of Ohio and the United States, administrative rules and regulations, and the common law."  Id. at paragraph three of the syllabus.  When an at-will employee is discharged in violation of the public policy embodied in R.C. 4113.52, the employee may maintain a common-law cause of action against the employer pursuant to *Greeley*, supra, so long as that employee had fully complied with the statute and was subsequently discharged.  *McKnight v. Goodwill Industries of Akron, Inc.* (Sept. 6, 2000), 9th Dist. No. 99CA007504, 2000 WL 1257810, appeal not allowed (2001) 91 Ohio St.3d 1419, 741 N.E.2d 144, citing *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 677 N.E.2d 308, paragraph three of the syllabus.  "In order for an employee to be afforded protection as a 'whistleblower,' such employee must strictly comply with the dictates of R.C. 4113.52.  Failure to do so prevents the employee from claiming the protections embodied in the statute."  *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244, 652 N.E.2d 940, syllabus.

{¶ 26}  "If an individual's termination is for a reason that is in violation of public policy, but is independent of the public policy embodied in R.C. 4113.51 et seq., [the employee] may bring suit under *Greeley* alone without complying with R.C. 4113.52."  *McKnight*, supra, at 7, citing *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 162, 677 N.E.2d 308.  Nonetheless, an employee bringing a *Greeley* claim based upon a statute must strictly comply with the terms of the statute.  *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 2002-Ohio-4398, 777 N.E.2d 282, at ¶ 47, citing *Kulch*, 78 Ohio St.3d 134, 677 N.E.2d 308, paragraph three of the syllabus.

{¶ 27}  The resolution of the second, third, and fifth assignments of error is dependent upon appellant's having made a *Greeley* claim based upon public policy grounds independent of R.C. 4113.52.  In appellant's original and

amended complaints, she asserts claims under R.C. 4113.52 and under the public policies codified under R.C. 4113.52. There is no claim posited based upon public policy independent of R.C. 4113.52. Therefore, appellant must strictly comply with the requirements of R.C. 4113.52. Having already determined that appellant had no reasonable belief that a violation constituting a criminal offense occurred, she has not fully complied with the terms of R.C. 4113.52, and her public policy claims fail. Appellant's second, third, and fifth assignments of error are overruled.

## III

{¶ 28} Appellant's five assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

CARR and WHITMORE, JJ., concur.