OPINION
{¶ 1} Appellants, Washington Township and the Washington Township Board of Trustees (collectively, "the Township"), appeal from a judgment of the Franklin County Court of Common Pleas reversing the Township's decision to remove appellee, Robert Gasper, from his position as a lieutenant with the Washington Township Fire Department ("Fire Department").
 {¶ 2} According to the record, appellee began as a firefighter with the Fire Department in 1978, ultimately being promoted to Training Officer in 1994 and House Captain in November 2000. In a meeting held on May 1, 2001 with Washington Township Fire Chief Floyd Bostic, Assistant Fire Chief Allan Woo, Battalion Chief Steve Smith, Township Administrator Tom Spring, and Human Resources Manager Larry Boyce, appellee was presented with and responded to allegations of possible sexual harassment brought against him by Firefighter/Paramedic Marcine Smith, who worked in the same fire station as appellee.
 {¶ 3} At the end of the meeting and in subsequent verbal and written supervisory directives, appellee was instructed to keep the allegations and investigation confidential. On May 11 appellee was given a verbal warning, and on May 22 appellee was issued a written warning for breaching the confidentiality orders, although the record is unclear whether appellee ever was given a copy of the written warning. The warnings cited appellee for "failure to follow orders of a supervisor" and "conduct unbecoming an employee of the Fire Department."
 {¶ 4} In a follow-up meeting on May 4, 2001 between appellee, Chief Bostic, Assistant Chief Woo, and Boyce, appellee was informed he would be transferred to another fire station. He was advised that if he requested the transfer, nothing would be placed in his file regarding the allegations. Appellee elected not to request a transfer, so he was administratively transferred effective May 19. Appellee filed a grievance concerning the transfer; the grievance was denied.
 {¶ 5} On May 22, 2001, appellee was notified that to minimize the possibility he would have direct supervisory contact with Marcine Smith, he would not be permitted to "ride out of class" as battalion chief when Battalion Chief Smith was off-duty. (5/22/01 Memorandum.) Appellee filed a grievance regarding this matter.
 {¶ 6} In mid-July the Township initiated a formal investigation into appellee's alleged misconduct; the Township's attorney Larry Bennett, assisted by Assistant Fire Chief Woo, conducted the investigation. Appellee was notified of the formal investigation, and the parties agreed to hold his pending grievance in abeyance. During the investigation, Bennett and Woo interviewed numerous Fire Department personnel regarding allegations of appellee's misconduct, including appellee on August 3, 2001 in the presence of appellee's counsel.
 {¶ 7} On that day, Fire Chief Bostic notified appellee by letter he would be reduced in rank from captain to probationary lieutenant effective August 4 because his conduct was unbecoming an officer. Neither the letter nor an order Chief Bostic issued the following day on behalf of the Fire Department specified the conduct on which the demotion was based. However, Chief Bostic and the Township later clarified that appellee was demoted for violating orders to keep the allegations and investigation confidential. (Tr. 250-252, 265; 8/29/01 Township Resolution.) The Township continued its investigation into this and other possible instances of appellee's misconduct. Appellee filed a grievance on August 10, 2001 regarding his demotion.
 {¶ 8} On August 29, 2001, the Township noted "the ongoing investigation has revealed other serious allegations of misconduct [by appellee], which may lead to additional discipline, up to and including possible discharge." (8/29/01 Township Resolution.) The Township resolved that written charges be prepared against appellee and a hearing be held on the charges, following which the Township would decide whether the charges were proven and the appropriate level of discipline to be imposed, up to and including dismissal. (8/29/01 Township Resolution.)
 {¶ 9} On September 12, 2001, the Township denied appellee's August 10, 2001 grievance of his demotion. Pursuant to R.C. 505.38 and 733.35, it served appellee with six written charges detailing his alleged guilt "in the performance of his official duties, of `misfeasance, malfeasance, nonfeasance, [and] misconduct in office.'" The charges related to appellee's conduct while he was a captain from November 25, 2000 to August 4, 2001 and his prior conduct as a training officer. Specifically, the Township charged that appellee (1) violated orders of the fire chief and battalion chief to keep confidential Marcine Smith's complaint and the related investigation, (2) "made inappropriate and derogatory comments to members of the Fire Department about women in general, women in the fire service, and the Township's goal to increase the number of female firefighters on the Department," (3) "made repeated, inappropriate comments to Firefighter/Paramedic Marcine Smith," (4) "made inappropriate and derogatory comments to members of the Fire Department about the next lieutenant's examination, making adverse comments about the Township's diversity goals," (5) "repeatedly made negative comments to members of his crew and others about the Fire Department, and the battalion chiefs," and (6) "willfully failed to cooperate in the Township's investigation." Specific instances of alleged misconduct were cited in support of each charge.
 {¶ 10} A full evidentiary hearing was conducted before the Township Board on October 10, 2001, at which 20 witnesses testified and were cross-examined, and various exhibits were presented into evidence. Following the hearing, the Township found sufficient evidence to conclude appellee engaged in conduct unbecoming an employee of the Fire Department and to sustain the charges that appellee (1) willfully violated orders to keep confidential Marcine Smith's complaint and the related investigation, (2) made inappropriate and derogatory comments to and engaged in inappropriate conduct toward members of the Fire Department, and (3) made repeated negative and inappropriate comments regarding the Fire Department's handling of a lieutenant examination and concerning his superior officers. (10/22/01 Township Resolution.) As a result of its findings, the Township terminated appellee's employment with the Fire Department on October 22, 2001.
 {¶ 11} Pursuant to R.C. 2506.01, appellee filed an administrative appeal in the court of common pleas contesting his discharge. The common pleas court reviewed the record and reversed appellee's dismissal, finding "insufficient evidence of misfeasance, malfeasance, nonfeasance, and misconduct in office as it relates to the duties of a fire departmentofficer to justify removal by the fire department." (Emphasis sic; 9/9/02 Decision.) In reaching its decision, the court noted: (1) "none of the allegations against [appellee] deal with his ability to fight fires `in the performance of his official duty' as required by R.C. § 733.35," (2) "there is no one `smoking gun' incident that caused the Trustees to seek removal of [appellee]," and (3) the "use by the Trustees of evidence of past events for which [appellee] was already disciplined" was inappropriate as "either irrelevant or subject to the prohibitions of double jeopardy." (9/9/02 Decision.) The court entered judgment on October 2, 2002, "find[ing] that there was insufficient cause for removal or disciplinary action" and ordering appellee's reinstatement with "full back pay, benefits, seniority and all other rights and privileges, retroactive to the date of removal."
 {¶ 12} The Township appeals, assigning the following errors:
 {¶ 13} "A. The court of common pleas erred in failing to sustain appellants' decision to remove appellee inasmuch as there was in the record a preponderance of reliable, probative, and substantial evidence to support the administrative decision.
 {¶ 14} "B. The court of common pleas erred in issuing an entry inconsistent with its findings and ruling on matters neither before it nor within its jurisdiction."
 {¶ 15} As provided in R.C. Chapter 2506, the common pleas court reviewed the Township's decision to terminate appellee's employment to determine if the decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence[.]" R.C. 2506.04; Elbertv. Bexley Planning Comm. (1995), 108 Ohio App.3d 59, 66, appeal not allowed, 75 Ohio St.3d 1477. In conducting its review, the common pleas court was to give due deference to the Township's resolution of evidentiary conflicts, and not "blatantly substitute its judgment for that of the [Township]." Dudukovich v. Lorain Metro. Housing Auth.
(1979), 58 Ohio St.2d 202, 207. Rather, the common pleas court was required to affirm the Township's decision if it was supported by a preponderance of reliable, probative and substantial evidence. Id.;Elbert, supra.
 {¶ 16} This court has a limited function in determining whether the common pleas court properly applied the standard of review set forth in R.C. 2506.04. Our determination is limited to the issue of whether, as a matter of law, a preponderance of reliable, probative and substantial evidence exists to support the decision of the Township, such that the common pleas court abused its discretion in failing to sustain the Township's decision. Elbert, quoting Budd Co. v. Mercer (1984),14 Ohio App.3d 269, 273-274. See, also, Dudukovich; Crist v. Battle RunFire Dist. Bd. of Trustees (1995), 105 Ohio App.3d 111, 115.
 {¶ 17} The Township's first assignment of error concerns, in part, the common pleas court's determination "that none of the allegations against [appellee] deal with his ability to fight fires `in the performance of his official duty' as required by R.C. § 733.35. This is not a case where [appellee]'s skill, ability, technique, or courage as a firefighter is being challenged. Instead, the charges deal with purely interpersonal matters, unrelated to firefighting." (9/9/02 Decision.) The Township contends the common pleas court erroneously restricted its review of the record to whether appellee was guilty of misfeasance, malfeasance, nonfeasance, or misconduct in "his ability to fight fires
`in the performance of his official duty.'" The parties do not dispute that appellee's official duties as a captain and lieutenant also included non-firefighting supervisory duties of (1) maintaining discipline, morale, and good order, (2) administering the lieutenant promotion process, and (3) carrying out the directives of his superiors. The Township asserts appellee's misconduct in his performance of these official supervisory duties provided a proper basis for his removal under R.C. 733.35.
 {¶ 18} At issue is the meaning of the words "official duty" as used in R.C. 733.35. The statutory construction of the terms involves a question of law; we therefore do not give deference to the common pleas court's interpretation of the terms. McGuire v. Elyria United MethodistVillage, 152 Ohio App.3d 186, 190, 2003-Ohio-1296.
 {¶ 19} R.C. 733.35 expressly authorizes a township to remove an officer from employment with a fire department if it finds him "guilty, in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness." Contrary to the common pleas court's determination, R.C. 733.35 does not limit a firefighter's "performance of his official duty" to his performance in fighting fires and providing emergency services, but also includes supervisory, training and administrative duties attendant to an officer's position in a fire department.
 {¶ 20} In construing the terms "official duty" more broadly than the common pleas court, we are aided by the statute's inclusion of "bribery," "gross immorality," and "habitual drunkenness" as grounds for a fire department officer's removal. Because such misconduct more likely would occur when an officer is not fighting fires or providing emergency services, the statute's inclusion of these grounds suggests the grounds for removal of a fire department officer are not restricted to performance in fighting fires and providing emergency services. See, e.g., State ex rel. Hardesty v. Wells (1929), 121 Ohio St. 139 (affirming the discharge of a firefighter for drunkenness that did not occur during active duty); Clark v. Bd. of Trustees of Nimishillen Twp. (Mar. 12, 2001), Stark App. No. 2000CA00310, appeal dismissed, 92 Ohio St.3d 1441
(sustaining removal of firefighter where evidence indicated the firefighter falsified his application).
 {¶ 21} This court's construction of the analogous phrase "in office" contained in R.C. 124.34, a statute authorizing removal of classified civil servants for acts of misconduct "in office," also provides guidance. In broadly construing the phrase, this court held an employee can be terminated for misconduct "in office" even though the misconduct is not job related. See R.C. 124.34; O'Harra v. Columbus CitySchool Dist. Bd. of Edn. (Mar. 23, 1989), Franklin App. No. 88AP-149;Watson v. Schwenker (1982), 8 Ohio App.3d 294; Craddolph v. Ackerman
(1978), 57 Ohio App.2d 150. See, also, Perry v. Miamisburg (May 17, 1995), Montgomery App. No. 14682 (determining the words "in office" as used in R.C. 124.34 do not require that grounds for discharge be job related).
 {¶ 22} Because appellee's designated official duties as training officer, captain, and lieutenant included training and supervisory duties in addition to a duty to fight fires and provide emergency services, the common pleas court erroneously restricted the phrase "official duty" to appellee's performance in fighting fires and providing emergency services.
 {¶ 23} The common pleas court also erred to the extent it determined the Township's removal of appellee was unjustified because the record revealed no one "smoking gun" incident. R.C. 733.35 neither requires one "smoking gun" incident to remove a fire department officer nor prohibits an officer's removal for a series or pattern of misconduct proscribed under the statute.
 {¶ 24} The common pleas court further erred in determining that the Township's use of evidence of past events, for which appellee already had been disciplined, violated principles of "fair play" and "double jeopardy." The common pleas court did not identify the "transgressions" for which appellee had already been disciplined before his removal. However, the court's statements presumably were based on appellee's contentions, made to the Township and in his appeal to the common pleas court, that double jeopardy precluded his removal from the fire department because he already had been demoted for the same misconduct.
 {¶ 25} The prohibition against double jeopardy is not implicated in this case because the proceedings before the Township and the sanctions imposed on appellee were civil, not criminal, in nature. Hudsonv. United States (1997), 522 U.S. 93, 98, 118 S.Ct. 488; FOE AERIE 2347v. Ohio State Liquor Control Comm. (Dec. 27, 2001), Franklin App. No. 01AP-675. However, even if we assume the principles of double jeopardy in some way could apply in this case, they were not violated. According to Fire Chief Bostic and the Township, appellee was demoted to lieutenant for breaching orders given to him to keep confidential Marcine Smith's allegations and the related investigation. Although one of the charges for which appellee ultimately was removed from employment with the Fire Department was based on appellee's breach of the confidentiality orders, appellee's termination was based on a number of other transgressions that constituted independent grounds for his dismissal.
 {¶ 26} Further, notwithstanding the common pleas court's view as to the "unfairness" of the repeated disciplinary actions, the Township was not barred from first demoting and then removing appellee as an officer in the Fire Department. Appellee was demoted while the Township's investigation into his various, alleged misconduct was on-going. Thus, appellee's demotion and termination could be viewed as a single disciplinary process, rather than two separate punishments. See SenecaCty. Bd. of Mental Retardation Dev. Disabilities v. Siesel, Seneca App. No. 13-02-15, 2002-Ohio-4235, ¶ 11.
 {¶ 27} We note that "[d]eterminations made in administrative proceedings are given preclusive effect (1) only if the parties had a full and fair opportunity to litigate the matters involved, and (2) if the proceedings culminated in a definitive resolution of the matters."Gerstenberger v. Macedonia (1994), 97 Ohio App.3d 167, 172-173, appeal dismissed (1995), 71 Ohio St.3d 1456. Here, there was not a full and fair opportunity to litigate all the matters until the full evidentiary hearing was held before the Township Board on October 10, 2001. The proceeding held on August 3, 2001 that resulted in appellee's demotion on August 4 was merely an interview, not a full evidentiary hearing, conducted by the Township attorney and Assistant Fire Chief Woo as part of the on-going investigation. Additionally, appellee's demotion, which was based on his failure to obey the confidentiality orders, did not culminate in a definitive resolution of all the issues then pending, which the Township did not resolve until after the October 10, 2001 evidentiary hearing. Accordingly, the Township was not barred from removing appellee, even though the removal was based in part on some of the same allegations that formed the basis for appellee's demotion. Gerstenberger, supra (holding a fire chief's suspension did not bar his subsequent termination, even though allegations of sexual harassment were brought against the chief in both the suspension and termination hearings).
 {¶ 28} Deferring to the Township's resolution of conflicts in the evidence, we conclude that although the evidence was conflicting, a preponderance of reliable, probative and substantial evidence supported the Township's findings that appellee not only made inappropriate and derogatory comments to, and engaged in inappropriate conduct toward, members of the Fire Department, but also made repeated negative and inappropriate comments regarding his superior officers and the Fire Department's handling of a lieutenant examination.
 {¶ 29} Specifically, the evidence, including appellee's admissions, supported allegations that: (1) appellee disobeyed direct orders from superior officers not to discuss Marcine Smith's allegations and the related investigation; (2) appellee called women "cunts" and made other derogatory and offensive comments about women in the presence of both subordinate and superior officers; (3) appellee repeatedly threw candy wrappers down the cleavage of a subordinate female secretary and commented on the size of her breasts; (4) appellee refused to speak to two subordinate female employees for several months after they complained of his conduct; (5) appellee told a member of the general public in Marcine Smith's presence that the station's dog follows her around like she's constantly in heat; (6) appellee called a female staff employee's daughter a "wet back" in front of the employee and the daughter, who has a Hispanic father; (7) appellee referred to superior officers as "f------ idiots" and made other derogatory comments about them in the presence of subordinate officers; and (8) appellee suggested to subordinate male firefighters they not take a promotional examination for a lieutenant position because a female would get the job just because she is female.
 {¶ 30} Accordingly, the Township's first assignment of error is sustained. Having sustained the first assignment of error, we decline to address the second assignment of error because it is rendered moot.
 {¶ 31} Finding the grounds for appellee's removal being established by a preponderance of reliable, probative and substantial evidence in accordance with R.C. 733.35, we reverse the common pleas court's judgment and remand with instructions to affirm the Township's removal of appellee from his position as a lieutenant with the Fire Department.
Judgment reversed and case remanded with instructions.
LAZARUS and BROWN, JJ., concur.